IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEMCOR USA, INC. | § | |
| | § | |
| vs. | § | C. A. NO. H – 09 – 2573 |
| | § | ADMIRALTY |
| M/V YONG AN CHENG, *etc., et al.* | § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Stemcor USA, Inc. files this Original Complaint against the M/V YONG AN CHENG, *in rem*, and Aquila Marine Navigation, Inc. ("Aquila"), China Ocean Shipping (Group) Co. ("COSCO") and Xiamen Ocean Shipping Company ("COSCO Xiamen"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a Delaware corporation with its principal place of business in New York.

3. At all times material, Aquila owned, managed, chartered and/or operated the M/V YONG AN CHENG as a common carrier of goods by water for hire between

various ports, including the Ports of Zhanjiang, China and Houston. Aquila is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo to and from Houston aboard vessels, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Aquila is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Aquila may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Aquila has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Aquila is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Aquila with a summons is effective to establish personal jurisdiction over it. Aquila can be served by serving the Texas Secretary of State. Process or notice can be sent to Aquila in care of Xiamen Ocean Shipping Company, 4th–5th Floor Jin Xing Building, Qi Xing Road North Hubin, Xiamen, Fujian Province, 361012 People's Republic of China.

4.   At all times material, COSCO owned, managed, chartered and/or operated the M/V YONG AN CHENG as a common carrier of goods by water for hire

between various ports, including the Ports of Zhanjiang and Houston. On information and belief, COSCO is organized under the laws of the People's Republic of China and has its principal place of business in Beijing but is not authorized to do business in Texas. At all times material, however, COSCO did business in Texas by carrying cargo to and from Texas aboard vessels, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. COSCO is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although COSCO may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and COSCO has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over COSCO is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving COSCO with a summons is effective to establish personal jurisdiction over it. COSCO can be served by serving the Texas Secretary of State. Process or notice can be sent to COSCO at its home office located at Lizhi Zhu – Research Office, 11th & 12th Floors Ocean Plaza, 158 Xing Men Nei Avenue, Xi Cheng District, Beijing 100031, People's Republic of China.

5. At all times material, COSCO Xiamen owned, managed, chartered and/or operated the M/V YONG AN CHENG as a common carrier of goods by water for hire between various ports, including the Ports of Zhanjiang and Houston. On and information and belief, COSCO Xiamen is organized under the laws of the People's Republic of China and has its principal place of business in Xiamen but is not authorized to do business in Texas. At all times material, however, COSCO Xiamen did business in Texas by carrying cargo to and from Houston aboard vessels, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. COSCO Xiamen is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although COSCO Xiamen may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and COSCO Xiamen has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over COSCO Xiamen is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving COSCO Xiamen with a summons is effective to establish personal jurisdiction over it. COSCO Xiamen can be served by serving the Texas Secretary of State. Process or

notice can be sent to COSCO Xiamen at its home office located at 4th–5th Floor Jin Xing Building, Qi Xing Road North Hubin, Xiamen, Fujian Province, 361012 People's Republic of China.

6.   On or about July 1, 2008, Plaintiff's shipper tendered in good order and condition to Defendants at Zhanjiang a cargo of steel wire rod. Defendants agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges. Defendants acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued various bills of lading including Bill of Lading No. CXMNYAC08079Z01 at Zhanjiang, free of exceptions or other notations for loss or damage.

7.   On or about August 15, 2008, the M/V YONG AN CHENG arrived at Houston where Defendants later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was wet, stained, rusted, corroded, bent, dented, nicked, gouged, flattened, scraped, scored, distorted, torqued, shifted, wracked, nicked, crushed, smashed, deformed and otherwise physically damaged. The damages and loss proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V YONG AN CHENG.

8. Plaintiff proximately has sustained damages exceeding $250,000.00 plus interest dating from July 1, 2008, demand for which has been made upon Defendants but which they refuse to pay.

9. At all times material, Plaintiff owned the cargo and/or brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Stemcor USA, Inc. prays that process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V YONG AN CHENG and her engines, tackle, apparel, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V YONG AN CHENG be condemned and sold to satisfy the damages aforesaid; and,

That this Honorable Court adjudge that the M/V YONG AN CHENG, *in rem*, and Aquila Marine Navigation, Inc., China Ocean Shipping (Group) Co. and Xiamen Ocean Shipping Company, *in personam*, jointly and severally, are liable to Plaintiff for its damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By /s/ Robert C. Oliver

   Robert C. Oliver
   State Bar No. 15255700
   S. D. Texas No. 886
   550 Westcott, Suite 230
   Houston, Texas 77007-5096
   Telephone:  (713) 864–2221
   Facsimile:  (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF

*PLEASE SERVE:*

**Aquila Marine Navigation Inc.**
By Serving the Texas Secretary of State
With Copies of Service or Notice to:
Xiamen Ocean Shipping Company
4th–5th Floor Jin Xing Building
Qi Xing Road North Hubin
Xiamen, Fujian Province 361012
People's Republic of China

**China Ocean Shipping (Group) Co.**
By Serving the Texas Secretary of State
With Copies of Service or Notice to:
Lizhi Zhu – Research Office
11th & 12th Floors Ocean Plaza
158 Xing Men Nei Avenue
Xi Cheng District, Beijing 100031
People's Republic of China

**Xiamen Ocean Shipping Company**
By Serving the Texas Secretary of State
With Copies of Service or Notice to:
4th–5th Floor Jin Xing Building
Qi Xing Road North Hubin
Xiamen, Fujian Province 361012
People's Republic of China